**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLORADO**

Civil Action No. 25-cv-00085-PAB-STV

VALERIE LASTER,

Plaintiff,

v.

CIRCLE K STORES INC.,

Defendant.

---

**RECOMMENDATION OF UNITED STATES MAGISTRATE JUDGE**

---

Chief Magistrate Judge Scott T. Varholak

This matter is before the Court on Defendant's Motion for Summary Judgment ("Defendant's Motion") [#92], Plaintiff's Motion for Summary Judgment ("Plaintiff's Motion") [#97], and Defendant's Motion to Strike the Letter and Testimony of Delores Drake ("Defendant's Strike Motion") [#111] (collectively, the "Motions"). The Motions have been referred to this Court. [##93, 101, 113] The Court has carefully considered the Motions and related briefing, the entire case file, and the applicable case law, and has determined that oral argument would not materially assist in the disposition of the instant Motions. For the following reasons, the Court respectfully **RECOMMENDS** that Defendant's Motion be **GRANTED**, Plaintiff's Motion be **DENIED**, and Defendant's Strike Motion be **DENIED AS MOOT**.

## I. BACKGROUND[1]

Defendant operates convenience stores including the store located at 7584 Sheridan Boulevard, Westminster, Colorado (the "Store"). [DSOF1] Plaintiff is a customer of Green Dot and has contracted with Green Dot to utilize its prepaid debit card for a monthly fee. [PSOF1] Green Dot, in turn, has contracted with Defendant to facilitate the uploading of money on Green Dot's prepaid cards for a fee of $4.95 per upload. [PSOF2] After 8:00 p.m., however, Defendant's system that allows customers to load money onto prepaid debit cards shuts down. [DSOF3; PSOF19C; PSOF37]

On April 8, 2024, at approximately 9:00 p.m., Plaintiff, an African American woman, entered the Store intending to load $1,500 onto a prepaid Green Dot debit card. [DSOF7; PSOF3] When it was Plaintiff's turn to be served, she approached the clerk, Isabell Chavez, who was the only employee on duty that evening. [DSOF10] Plaintiff informed Ms. Chavez that she wished to load $1,500 onto the debit card, provided the debit card to Ms. Chavez, and began counting her cash. [DSOF12] Ms. Chavez told Plaintiff that she attempted to upload the money onto the card, without success. [DSOF13; PSOF19A] Plaintiff asked Ms. Chavez to attempt to load $1,000 onto the card, and Ms. Chavez told Plaintiff that she tried to do so without success. [DSOF14; PSOF19A] Ms. Chavez then

[1] The undisputed facts are drawn from: (1) the Statement of Undisputed Facts set forth in Defendant's Motion [#92 at 2-5] and Plaintiffs' response to those facts as set forth in Plaintiffs' Response to Defendant's Motion [#103 at 2-5], and (2) the Statement of Undisputed Facts set forth in Plaintiff's Motion [#97 at 2-11] and Defendant's response to those facts as set forth in Defendant's Response to Plaintiff's Motion [#109 at 2-13]. The Court refers to the sequentially numbered facts set forth in Defendant's Statement of Undisputed Facts as "DSOF#." The Court refers to the sequentially numbered facts set forth in Plaintiff's Statement of Undisputed Facts as "PSOF#." The Court periodically cites directly to the exhibits submitted with the parties' briefing on the Motions to provide additional context.

told Plaintiff that she had unsuccessfully attempted to upload $500 onto the debit card. [DSOF15; PSOF19B]

After the third transaction, Ms. Chavez informed Plaintiff that the system could not process the transaction and that the system indicated that the transaction may have been fraudulent, though Plaintiff disputes whether the system had actually flagged the transaction as being fraudulent. [DSOF16; PSOF19] One of Defendant's managers testified that he does not recall seeing the system report a suspected fraud when there is an attempt to upload money onto a prepaid card after the system has shut down for the evening. [PSOF19E] Plaintiff alleges that, after accusing Plaintiff of fraud, Ms. Chavez attempted to confiscate Plaintiff's debit card, though Defendant disputes this fact. [DSOF19; PSOF22] Despite allegedly accusing Plaintiff of fraud, Ms. Chavez did not report the fraud and Defendant's card system has never provided a report reflecting Plaintiff's transaction as being fraudulent. [PSOF49B-C]

During the transaction process, Plaintiff alleges that another customer, Nora Contreras Gonzales, made comments to Plaintiff expressing racial animus. [DSOF20] Specifically, Plaintiff alleges that Ms. Gonzales accused Plaintiff of being a drug dealer as drug dealing was the only way that Plaintiff could have obtained that much money. [PSOF12] According to Plaintiff, when she said, "because I'm Black I can't have $1,500 unless I'm dealing drugs," Ms. Gonzales responded, "you're not Black, you're Brown." [PSOF13-14] Plaintiff alleges that Ms. Gonzales then began videotaping Plaintiff and accused Plaintiff of being "from the hood." [PSOF16-17] Plaintiff further alleges that Ms. Chavez participated in banter with Ms. Gonzales, agreeing that she had never seen Plaintiff in the store or in the neighborhood. [DSOF22; PSOF18A] Ms. Chavez admits to

knowing Ms. Gonzales, thought the extent of their interactions is a matter of dispute. [PSOF23-26]

The next day, Plaintiff returned to the Store and Defendant's Manager, Mikaela Noon, uploaded $1,000 onto the debit card without incident. [PSOF32-33] Ms. Noon further advised Plaintiff that the maximum total upload for Green Dot cards was $1,000. [PSOF34] Ms. Noon further explained that the problem with the previous night's attempted transaction was that it had occurred after 8:00 p.m. and that, as a result, Ms. Chavez could not have completed the transaction. [PSOF35-36]

Following the April 8 incident, Defendant began posting signs that prepaid debit cards could not be loaded after 8:00 p.m. [PSOF38A] Plaintiff claims that this change was made as a pretext to discrimination; a charge Defendant disputes. [PSOF38B] Ms. Chavez further testified that Defendant no longer runs debit cards after 8:00 p.m. [PSOF43]

Green Dot transaction logs show no actual transactions occurred on April 8, 2024. [#97-1 at 36-41] Plaintiff's bank statements show card swipes by Defendant on April 9, 2024, but no swipes on April 8, 2024. [PSOF40A] Ms. Chavez's handwritten statements and deposition testimony indicate that she was attempting to upload money onto a cash card but could not get the card to work. [PSOF40B-C]

Plaintiff initiated this action on December 2, 2024, by filing a complaint in the Jefferson County District Court. [#4] Defendant removed the matter to this Court on January 10, 2025. [#1] The currently operative Complaint alleges four claims for relief: (1) violation of 42 U.S.C. § 1981 ("Section 1981") [#23 at ¶¶ 7-18]; (2) discrimination in public accommodations in violation of 42 U.S.C. §2000a, *et seq.* [*id.* at ¶¶ 19-35]; (3)

intentional infliction of emotional distress ("IIED") [*id.* at ¶¶ 36-50]; and (4) negligence [*id.* at ¶¶ 51-60]. On September 5, 2025, United States District Judge Philip A. Brimmer adopted this Court's Recommendation [#39] that all claims except Plaintiff's Section 1981 claim be dismissed without prejudice. [#42] Thus, Plaintiff's Section 1981 is the sole remaining claim in this action.

On June 11, 2026, Defendant filed Defendant's Motion. [#92] Plaintiff has responded [#103] and Defendant has replied [#110]. On June 15, 2026, Plaintiff filed Plaintiff's Motion. [#97] Defendant has responded [#109] and Plaintiff has replied [#124]. Defendant filed Defendant's Strike Motion on July 8, 2026. [#111] Plaintiff has responded. [#135] The deadline for Defendant to reply in support of Defendant's Strike Motion has not yet passed but, as outlined herein, the Court does not believe that a reply is necessary prior to issuing this Recommendation.

## II. STANDARD OF REVIEW

Summary judgment is appropriate only if "the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a); *Celotex Corp. v. Catrett,* 477 U.S. 317, 322 (1986); *Henderson v. Inter–Chem Coal Co.,* 41 F.3d 567, 569 (10th Cir. 1994). Where, as here, the Court is presented with cross-motions for summary judgment, the Court "must view each motion separately, in the light most favorable to the non-moving party, and draw all reasonable inferences in that party's favor." *United States v. Sup. Ct. of N.M.*, 839 F.3d 888, 907 (10th Cir. 2016) (internal quotations omitted).

When the moving party bears the burden of persuasion at trial, "the moving party must establish, as a matter of law, all essential elements of the [claim on which summary

judgment is sought] before the nonmoving party can be obligated to bring forward any specific facts alleged to rebut the movant's case." *Pelt v. Utah*, 539 F.3d 1271, 1280 (10th Cir. 2008). In other words, the moving party "must support its motion with credible evidence showing that, if uncontroverted, the moving party would be entitled to a directed verdict." *Rodell v. Objective Interface Sys., Inc.*, No. 14-CV-01667-MSK-MJW, 2015 WL 5728770, at *3 (D. Colo. Sept. 30, 2015) (citing *Celotex Corp.*, 477 U.S. at 331). "The burden then shifts to the non-moving party to produce evidence demonstrating the existence of a genuine factual issue for trial." *Id.*

When the moving party does not bear the burden of persuasion at trial, the movant may satisfy its initial burden of making a prima facie demonstration of the absence of a genuine issue of material fact "simply by pointing out to the court a lack of evidence . . . on an essential element of the nonmovant's claim." *Adler v. Wal–Mart Stores, Inc.*, 144 F.3d 664, 670-71 (10th Cir.1998). If the movant carries this initial burden, the burden then shifts to the nonmovant "to go beyond the pleadings and set forth specific facts that would be admissible in evidence in the event of trial." *Id.* at 671 (quotation omitted).

"[A] 'judge's function' at summary judgment is not 'to weigh the evidence and determine the truth of the matter but to determine whether there is a genuine issue for trial.'" *Tolan v. Cotton*, 134 S. Ct. 1861, 1866 (2014) (quoting *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 249 (1986)). Whether there is a genuine dispute as to a material fact depends upon whether the evidence presents a sufficient disagreement to require submission to a jury. *See Anderson,* 477 U.S. at 248-49; *Stone v. Autoliv ASP, Inc.,* 210 F.3d 1132, 1136 (10th Cir. 2000); *Carey v. U.S. Postal Serv.,* 812 F.2d 621, 623 (10th Cir. 1987). A fact is "material" if it pertains to an element of a claim or defense; a factual

dispute is "genuine" if the evidence is so contradictory that if the matter went to trial, a reasonable jury could return a verdict for either party. *Anderson,* 477 U.S. at 248. "Where the record taken as a whole could not lead a rational trier of fact to find for the non-moving party, there is no 'genuine issue for trial.'" *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 587 (1986) (*citing First Nat'l. Bank of Ariz. v. Cities Serv. Co.*, 391 U.S. 253, 289 (1968)).

"A pro se litigant's pleadings are to be construed liberally and held to a less stringent standard than formal pleadings drafted by lawyers." *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991) (citing *Haines v. Kerner*, 404 U.S. 519, 520–21 (1972)). "The *Haines* rule applies to all proceedings involving a pro se litigant." *Id.* at 1110 n.3. The Court, however, cannot be a pro se litigant's advocate. *See Yang v. Archuleta*, 525 F.3d 925, 927 n.1 (10th Cir. 2008). Moreover, pro se parties must "follow the same rules of procedure that govern other litigants." *Nielsen v. Price*, 17 F.3d 1276, 1277 (10th Cir. 1994) (quoting *Green v. Dorrell*, 969 F.2d 915, 917 (10th Cir. 1992)).

## III. ANALYSIS

In Claim One, Plaintiff alleges that Defendant discriminated against her in violation of Section 1981. [#23 at ¶¶ 7-18] To establish a prima facie case of discrimination under Section 1981, a plaintiff must establish: "(1) that the plaintiff is a member of a protected class; (2) that the defendant had the intent to discriminate on the basis of race; and (3) that the discrimination interfered with a protected activity as defined in § 1981." *Hampton v. Dillard Dep't Stores, Inc.*, 247 F.3d 1091, 1101–02 (10th Cir. 2001) (citing *Reynolds v. Sch. Dist. No. 1, Denver, Colo.*, 69 F.3d 1523, 1532 (10th Cir. 1995)). "Section 1981 establishes four protected interests: (1) the right to make and enforce contracts; (2) the

right to sue, be parties, and give evidence; (3) the right to the full and equal benefit of the laws; and (4) the right to be subjected to like pains and punishments." *Phelps v. Wichita Eagle–Beacon*, 886 F.2d 1262, 1267 (10th Cir. 1989). Importantly, Section 1981 requires Plaintiff to "bear[ ] the burden of showing that race was a but-for cause of [her] injury." *Comcast Corp. v. Nat'l Ass'n. of Afr. Am.-Owned Media*, 589 U.S. 327, 333 (2020).

Here, the undisputed evidence is that Plaintiff attempted to engage in a single transaction at the Store. Specifically, on April 8, 2024, at approximately 9:00 p.m., Plaintiff entered the Store intending to load $1,500 onto a prepaid Green Dot debit card. [DSOF7; PSOF3] When it was Plaintiff's turn to be served, she approached Ms. Chavez and informed Ms. Chavez that she wished to load $1,500 onto the debit card, provided the debit card to Ms. Chavez, and began counting her cash. [DSOF10; DSOF12] What happened next is heavily disputed, but what is undisputed is that, because the attempted transaction occurred after 8:00 p.m., Defendant's system that allows customers to load money onto prepaid debit cards was shut down. [DSOF3; PSOF19C; PSOF37] Thus, regardless of Plaintiff's race, Plaintiff could not have loaded $1,500 (or any other amount) onto her prepaid debit card. As a result, Plaintiff cannot establish the third element of her discrimination claim—it is undisputed that the 8:00 p.m. debit curfew, not any act of discrimination, was the cause of Plaintiff's inability to download money onto her Green Dot card. Or, put another way, "but for" Plaintiff's race, she still would not have been able to engage in the transaction at issue.

Plaintiff may be correct that there is a legitimate dispute as to whether Ms. Chavez's accusation of fraud was based on discriminatory animus. [#103 at 8] But what remains undisputed is that the transaction that was denied could not have taken place

after 8:00 p.m., when Plaintiff attempted the transaction. Thus, race was not the "but for" cause of the denial. Therefore, Defendant is entitled to summary judgment on Plaintiff's Section 1981 claim. Accordingly, the Court respectfully RECOMMENDS that Defendant's Motion be GRANTED and Plaintiff's Motion be DENIED. Because the testimony of Delores Drake is irrelevant to this disposition, the Court further respectfully RECOMMENDS that Defendant's Strike Motion be DENIED AS MOOT.

## IV. CONCLUSION

For the foregoing reasons, the Court respectfully **RECOMMENDS** that Defendant's Motion for Summary Judgment [#92] be **GRANTED**, Plaintiff's Motion for Summary Judgment [#97] be **DENIED**, and Defendant's Motion to Strike the Letter and Testimony of Delores Drake [#111] be **DENIED AS MOOT**.[2]

---

[2] Within fourteen days after service of a copy of this Recommendation, any party may serve and file written objections to the magistrate judge's proposed findings of fact, legal conclusions, and recommendations with the Clerk of the United States District Court for the District of Colorado. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b); *Griego v. Padilla (In re Griego)*, 64 F.3d 580, 583 (10th Cir. 1995). A general objection that does not put the district court on notice of the basis for the objection will not preserve the objection for *de novo* review. "[A] party's objections to the magistrate judge's report and recommendation must be both timely and specific to preserve an issue for *de novo* review by the district court or for appellate review." *United States v. 2121 East 30th Street*, 73 F.3d 1057, 1060 (10th Cir. 1996). Failure to make timely objections may bar *de novo* review by the district judge of the magistrate judge's proposed findings of fact, legal conclusions, and recommendations and will result in a waiver of the right to appeal from a judgment of the district court based on the proposed findings of fact, legal conclusions, and recommendations of the magistrate judge. *See Vega v. Suthers*, 195 F.3d 573, 579-80 (10th Cir. 1999) (holding that the district court's decision to review magistrate judge's recommendation *de novo* despite lack of an objection does not preclude application of "firm waiver rule"); *Int'l Surplus Lines Ins. Co. v. Wyo. Coal Refining Sys., Inc.*, 52 F.3d 901, 904 (10th Cir. 1995) (finding that cross-claimant waived right to appeal certain portions of magistrate judge's order by failing to object to those portions); *Ayala v. United States*, 980 F.2d 1342, 1352 (10th Cir. 1992) (finding that plaintiffs waived their right to appeal the magistrate judge's ruling by failing to file objections). *But see, Morales-Fernandez v. INS*, 418 F.3d 1116, 1122 (10th Cir. 2005) (holding that firm waiver rule does not apply when the interests of justice require review).

DATED: August 31, 2026

BY THE COURT:

s/Scott T. Varholak
Chief United States Magistrate Judge